FILED
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

2001 AUG -8 A 9: 04

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff | ) CIVIL ACTION NO. CCB-00-19 ) |
| v. | ) ) |
| LEN STOLER, INC., | ) ) |
| Defendant | ) ) |

## CONSENT DECREE

I.   INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (EEOC) filed this action on January 5, 2000, alleging that Len Stoler, Inc. (Stoler) violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e 701, et seq.(Title VII), by demoting Lynn Klein and Leah Dean on the basis of their pregnancy. Stoler answered the Complaint, denying that it had violated Title VII. The parties now wish to resolve this action and all the issues raised by the Complaint without the burden, expense and delay of further litigation.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII.

THEREFORE, upon due consideration of the record herein and being fully advised of the premises, it is

ORDERED, ADJUDGED AND DECREED that:

II.   JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this action.

III.   FINDINGS

A.   The purposes of the Title VII will be furthered by the entry of this Decree.

B.   The terms of this Decree constitute a fair and equitable settlement of this action, and a full discharge and satisfaction of any claims which have been alleged in the complaint filed in this action by the EEOC based on the charge of discrimination filed by Lynn Klein (Klein), Charge No. 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, including any and all claims advanced on behalf of women in addition to Ms. Klein, specifically those advanced on behalf of Ms. Leah Dean.

IV.   NON-ADMISSION

Neither the filing of this Decree, nor any action taken pursuant to its terms shall be construed either as an admission by Stoler that it has violated Title VII or as an admission of any of the allegations contained in this action; nor shall this decree be construed as a waiver by the EEOC of the contentions made in its Complaint.

V.   EFFECT OF OTHER CHARGES

Nothing in this decree shall be construed to prohibit the Commission from processing in the usual manner any charge of discrimination that might be filed against Stoler other than that charge filed by Klein and the claims of Ms. Dean which are the bases of this suit. By entering into this Decree, the Commission agrees that it will not bring or intervene in any further actions against Stoler based on Klein's charge or on Dean's claims as alleged in EEOC's complaint in this action.

VI.   TERM

From the date of the entry of this Decree, the term of this Decree shall be one (1) year.

VII.  NON-MONETARY REMEDIES

A. Len Stoler, Inc., shall not discriminate against any person on the basis of pregnancy, nor shall Stoler retaliate against any person because he or she has made a charge, or testified, assisted or participated in any manner in the investigation or proceedings related to this action. Notwithstanding the claims made by the EEOC in this action, Stoler maintains that not discriminating on the basis of pregnancy will merely be the continuation of past practice and procedure. This lawsuit presented no allegations or claims that Len Stoler, Inc. retaliated against anyone.

B. Not later than six (6) months after the entry of this Decree, Stoler shall have completed one (1) hour of training focusing on the topic of pregnancy discrimination for all management employees. Stoler will certify to EEOC counsel that the training requirement of this paragraph has been satisfied within thirty (30) days after its completion.

C. From the date of the final entry of this decree, Stoler shall, in conformity with the Commission's record keeping regulations at 29 C.F.R. §§ 1602.11, 1602.12 and 1602.14, continue to maintain records of any and all complaints or reports of discrimination based on sex, pregnancy or retaliation.

VIII.  MONETARY REMEDIES

A. Stoler agrees to pay to Lynn Klein $9,300 in the full and complete settlement of all claims made on her behalf in the Commission's action, all of which is attributable to compensatory damages. The Parties reached agreement on this compromise settlement after arms-length, good-faith settlement negotiations involving the parties and the parties' attorneys. Ms. Klein agrees that the payment of $9,300 is full and complete compensation for all of her

claims as described in this Consent Decree and attachments hereto.

B.  Stoler agrees to pay to Leah Dean $9,300 in the full and complete settlement of all claims alleged in the Commission's action, all of which is attributable to compensatory damages. The Parties reached agreement on this compromise settlement after arms-length, good-faith settlement negotiations involving the parties and the parties' attorneys. Ms. Dean agrees that the payment of $9,300 is full and complete compensation for all of her claims as described in this Consent Decree and the attachments hereto.

C.  Each payment set forth in paragraph VIII A. and B., supra., shall be made by Stoler within fifteen (15) business days following the approval and entry of this Consent Decree by the Court or Stoler's receipt of signed releases (attached hereto as Attachment A) from Lynn Klein and Leah Dean, whichever occurs later.

IX.  POSTING

For the term of this Consent Decree, Stoler shall post copies of the attached Notice (Attachment B) in prominent and accessible places where they can readily be observed by all employees. Within thirty (30) days of the effective date of this decree, Stoler shall forward to the attorney of record at the Baltimore District Office, 10 South Howard Street, Baltimore, Maryland 21201, a copy of the signed Notice, written certification that the Notice referred to above has been posted, and a statement of the locations and date of posting.

X.  COURT APPROVAL

The parties stipulate that the relief afforded under this Decree fully, fairly and adequately addresses the claims made in this litigation. Accordingly, the parties shall mutually and jointly seek Court approval of this Decree. The parities agree that this Decree shall be effective

immediately upon execution and final approval by the Court.

    XI.    COSTS

Each party shall bear its own costs.

    XII.    PRESS RELEASE

The EEOC will initiate only one contact with the media, and that contact will be the press release which is attached hereto as Attachment C.

BY CONSENT:

For LEN STOLER, INC.:

By: *(signature)*

DEBORAH K. BESCHE
GOLDBERG, PIKE & BESCHE
Two East Fayette Street
Baltimore, Maryland 21202
(410) 539-1004

For the Commission:
GWENDOLYN YOUNG REAMS
Acting Assistant General Counsel

*(signature)*

GERALD S. KIEL
Regional Attorney

STEPHEN P. O'ROURKE
Supervisory Trial Attorney

*(signature)*

PAMELA E. HOSTETLER
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
(410) 962-4209

SO ORDERED:

Dated: *August 8, 2001*

*(signature)*
United States District Judge

5